UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 12-01 |
| GEORGE JACKSON | SECTION "F" |

ORDER AND REASONS

Before the Court is George Jackson's 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence. For the following reasons, the motion is DENIED.

**Background**

Defendant George Jackson was one of many involved in the Hankton Group[1]—a criminal racketeering enterprise involved in murder, bribery, money laundering, and drug trafficking. Jackson pled guilty before this Court to Counts 1 and 2 of his third superseding indictment on June 1, 2016. Count 1 charges that Jackson conspired with others in the Hankton Group to commit racketeering activities in violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act. 18 U.S.C. § 1962(d). Count 2 charges that Jackson, along with other members of the Hankton

---

[1] The "Hankton Group" refers to the individuals involved in this criminal enterprise, including Telly Hankton, Nakia Tankton, Shirley Hankton, Thomas Hankton, Troy Hankton, Kevin Jackson, Walter Porter, Derrick Smothers, Terrell Smothers, and George Jackson (defendant in this proceeding).

1

Group, knowingly and intentionally conspired to distribute 280 grams or more of crack cocaine and five kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(D). This Court sentenced Jackson to 168 months in prison and five years of supervised released for both Counts 1 and 2, to be served concurrently. Jackson did not move to amend his sentence or file any appeal to the Fifth Circuit Court of Appeals within the allotted time. Accordingly, his sentence and judgment became final.

In exchange for a plea deal, the Government dismissed Count 3 of the superseding indictment, which charged Jackson with a conspiracy to possess firearms in violation of 18 U.S.C. § 924(o). It also dismissed the Bill of Information filed against the defendant, pursuant to 21 USC § 851, stating that the Jackson had a prior felony drug conviction. The Bill of Information would have increased his mandatory minimum sentence of imprisonment from 10 years to 20 years. To fulfill his side of the bargain, Jackson agreed to "[w]aiv[e] and giv[e] up any right to challenge his sentence collaterally, including . . . all rights which arise under Title 28, United States Code, Sections 2255 and 2241." However, he did not waive "the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding." On March 6, 2017, Jackson filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence.

I. Discussion

Jackson's challenge on his sentence centers on a sentence enhancement included in Jackson's Presentence Investigation Report (PSR). He had a criminal history category of II and a base offense level of 32, and the United States Probation Office subtracted three levels for accepting responsibility, which produces a guideline imprisonment range of 97-121 months. But the Probation Office applied two specific offense characteristics, U.S.S.G. 2D1.1(b)(1) and (b)(2), which increased his offense level by four to 36. U.S.S.G. 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." U.S.S.G. 2D1.1(b)(2) provides that "[i]f a defendant used violence, made a credible threat to use violence, or directed the use of violence, increase by 2 levels." Offense level 36 (with a criminal history category of II) has a guideline imprisonment range of 151 to 188 months. Jackson contends that the PSR does not provide any information as to why it applied these specific offense characteristics.

Jackson asserts four grounds of relief: (1) The PSR did not establish the sentencing enhancement by a preponderance of the evidence and should not have applied to Jackson's sentence. (2) Jackson's counsel at sentencing was ineffective because counsel failed to object to the four-level sentencing enhancement which resulted in a 47-month sentence increase. (3) He seeks leave for

the United States Probation Office and the government to produce any evidence justifying his two specific offense characteristics enhancements. (4) Jackson requests an evidentiary hearing based on the previous three grounds raised in his motion. The Court finds that he is not entitled to relief on any of these grounds.

A.

Upon review of the briefings and the record of the case, the Court finds that Jackson's claims can be decided on the pleadings; there is no need for an evidentiary hearing. See 28 U.S.C. § 2255; United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990) (where the court finds the record "clearly adequate to dispose fairly of the allegations, the court need inquire no further"); Franklin v. United States, 589 F.2d 192, 193 (5th Cir. 1979).

B.

Jackson contends that the Court should not have applied the PSR sentencing enhancement because it was not supported by a preponderance of evidence or credible information. But Jackson is barred from appealing the application of the PSR because he waived his right to collaterally attack sentencing under 28 U.S.C. § 2255.[2] The Fifth Circuit held in United States v.

---

[2] The defendant states in his reply brief that he did not waive his right to appeal under 28 U.S.C. § 2255 because he did not waive his right to attack the effectiveness of his counsel. The defendant is correct that he did not waive his right to appeal on the basis of ineffective counsel because that is a separate issue (discussed in detail below) than the one at hand: whether he can appeal the

4

<u>Wilkes</u> that a defendant can waive his right to appeal his sentence under 28 U.S.C. § 2255 in a plea agreement, as long as the waiver is informed and voluntary. 20 F.3d 651, 653 (5th Cir. 1994). For a waiver to be informed and voluntary, the defendant must understand the consequences of the waiver. <u>United States v. Baty</u>, 980 F.2d 977, 979 (5th Cir. 1992). Namely, "that [defendant] had a right to appeal his sentence and that he was giving up that right." <u>United States v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994) (quoting <u>United States v. Melancon</u>, 972 F.2d 566, 568 (5th Cir. 1992)). A defendant's statement at his guilty-plea hearing that he understood and voluntarily approved of his plea is persuasive because "[s]olemn declarations in open court carry a strong presumption of verity." <u>Wilkes</u>, 20 F.3d at 653 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)); <u>United States v. Cantu</u>, 273 F.3d 393, at *1 (5th Cir. 2001). In determining whether the waiver was informed and voluntary, the reviewing court will consider whether the court addressed the waiver provision in the hearing and if the defendant asked any questions about it. <u>See</u> <u>Cantu</u>, 273 F.3d at *1. But if the defendant read and understood the plea agreement and did not ask about the waiver, the defendant "will be held to the bargain to which he agreed, regardless of whether the

---

Court's application of the sentencing guidelines without information provided in the PSR supporting the inclusion of specific offense characteristics.

court specifically admonished him concerning the waiver of appeal."

Here, the Court specifically addressed the waiver, and explained to Jackson that he has waived his right nearly all post-conviction relief. Transcript George Jackson Re-Arraignment, Doc. 1983 at 9-10 (6/6/17).[3] Jackson stated that he understood the charges against him and the waiver, and was pleading guilty voluntarily. Id. at 9-10, 21-22. He did not then and has since not alleged or provided any evidence to suggest that he did not understand the terms of the plea agreement or the consequences of accepting it. Jackson made an informed and voluntary waiver to appeal his sentence under 28 U.S.C. § 2255, and therefore should be "held to the bargain to which he agreed. Portillo, 18 F.3d at 293.

Even if Jackson did not waive the right to attack the sentence under section 2255, Jackson's claim still would not prevail because it is not a cognizable claim under section 2255.[4] "A district

---

[3] The Court stated "You have waived nearly every right to appeal or otherwise attack my sentence if you are dissatisfied with it. If I were to impose a sentence that's beyond what is permissible under the statute under which you have been charged, you could appeal or attack that. If for some reason – some good reason – you felt your attorney didn't serve you properly, you might have a right to appeal that or attack my sentence on that ground as well, but other than that you have pretty much waived every other right to attack or appeal my sentence. Is that clear?" George Jackson responded, "Yes, Your Honor."
[4] Put another way, Section 2255 does not provide relief for claims alleging error in sentencing.

6

court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255." United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995). Instead, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Acklen, 47 F.3d 729, 741 (5th Cir. 1995). "Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable under § 2255 motions." United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Accordingly, even if the Court were to misapply the Sentencing Guidelines, 28 U.S.C. § 2255 would not be the appropriate avenue to seek relief for that injury.

C.

The petitioner next contends that his counsel was ineffective for not objecting to his sentencing enhancements during sentencing. The Court rejects this claim.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Cont. Art. VI. The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel, including during sentencing. Strickland v. Washington, 466 U.S.

7

668, 687 (1984); Mempa v. Rhay, 389 U.S. 128, 137 (1967). However, a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 688. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

To demonstrate that counsel has been ineffective, the defendant must show: (1) that counsel was deficient; (2) that "the deficient performance prejudiced the defendant." Id. at 687. Counsel is defective if they "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment," meaning that it cannot fall "below an objective standard of reasonableness." Id. at 687-88. However, a strategic decision made after reasonable consideration of the law and facts is not challengeable. Id. at 690. In fact, "counsel does not need to raise every nonfrivolous ground of appeal available." United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (quoting Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998) (internal quotations omitted). A defendant is prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The defendant must show that there is a substantial

likelihood of a different outcome. United States v. Wines, 691 F.3d 599, 604 (5th Cir. 2012).

Jackson contends that his counsel was ineffective for failing to object to the four level sentencing enhancement pursuant to Sentencing Guidelines 2d1.1(b)(1), (b)(2), which resulted in a 47-month sentence increase. The Court finds that Jackson's counsel was not deficient. Further, it finds that even if they were deficient, Jackson was not prejudiced because the outcome would not have been different.

The defendant's counsel was not ineffective because the sentencing enhancements were merited. The Fifth Circuit instructs that when a court is considering any un-adjudicated conduct for sentencing determination, that conduct "must be supported by a preponderance of the evidence." United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990) (citing McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986)). The government has the burden to demonstrate, usually, but not necessarily, in the Presentence Investigation Report, that the sentence enhancement is supported by defendant's conduct, established by a preponderance of the evidence. See United States v. Minotta-Gonzalez, 2332 F.3d 208, *8 (5th Cir. 2000). In situations where there is a jointly undertaken criminal activity, the Sentencing Guidelines advise the Court to consider not only the defendant's conduct, but also the conduct of others that were: (1) "within the scope of the jointly undertaken criminal activity;"

(2) "in furtherance of that criminal activity;" and (3) "reasonably foreseeable in connection with that criminal activity." U.S.S.G. 1B1.3(a).

At trial, Michael Anderson, a former co-conspirator and mentee of George Jackson, testified about his experience participating in the enterprise. He stated that Jackson guided him into the Central City drug trafficking scene, and gave him a handgun. Anderson testified that Jackson directed him to carry the gun while he sold drugs in case anyone tried to rob or take advantage of him, and to shoot or kill those interfering with his business. Anderson described several occasions where Jackson or others were carrying firearms. On one occasion, Jackson asked Anderson to shoot and kill Darnell "Durney" Stewart.

Another witness, Anthony Commadore, also testified to George Jackson's personal knowledge of the scope of the Hankton Enterprise. Commadore recounted a conversation he had with Telly Hankton and George Jackson, where Commadore asked Hankton to refrain from killing Durney. In response, Hankton shook his head no, ending the conversation. This evidence, among other evidence presented at trial and in the PSR, satisified the government's burden to prove that either Jackson or his co-conspirator's acting within the scope of their conspiracy possessed a firearm and directed, threatened, or actually committed violence. Because the evidence presented in the record clearly satisfied the

government's burden to apply the sentencing enhancements, Jackson's counsel would have no reason to object. In fact, objecting to the sentence enhancements would have been unproductive and potentially harmful for Jackson.[5] Accordingly, Jackson's counsel provided effective counsel throughout the sentencing process.

D.

Finally, Jackson asserts that the government and the United States Probation Office did not carry the burden to establish the two specific offense characteristics, which served as the basis for the sentencing enhancement. In response to the Court's request while reviewing this petition, the government provided additional briefing including specific record citations of evidence establishing that Jackson possessed a firearm and used or directed violence. Upon reviewing the record, it is clear that the

---

[5] The defendant's counsel had negotiated with the government to exclude evidence of Jackson's participation in an armed home invasion from the factual basis. However, the government is obligated to present such relevant conduct to the Court during sentencing, and vaguely described the incident in the PSR. Jackson discussed this incident in his present motion, and even appended testimony from one of the victims. He incorrectly stated that the sentencing enhancements were based on evidence from that invasion, and his attorney's should have challenged it. In the government's November 2, 2017 supplement briefing, the government states that it informed defense counsel that if they chose to make an objection to that part of the PSR, the government would be required to put on its evidence proving defendant's direct participation in the armed home invasion. The government would have offered live testimony detailing the violent nature of the home invasion, which could have negatively affected defendant's sentencing.

government and the United States Probation Office met its burden to establish the two specific offense characteristics.

Accordingly, IT IS ORDERED that George Jackson's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is DENIED. Jackson's habeas petition is dismissed with prejudice.

New Orleans, Louisiana, November 9, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE